T. Lee Kissman (CLS #14115)
Scott Maurer (CSB #180830)
EAST SAN JOSÉ COMMUNITY LAW CENTER
1030 The Alameda
San José, CA 95126
Phone: (408) 288-7030
Fax:     (408) 288-3581

Attorneys for Plaintiff Gloria Ramirez individually and on behalf of the general public.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| GLORIA RAMIREZ, individually and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>PARKER STANBURY LLP,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200 et seq. AND 15 U.S.C. § 1692 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

COMPLAINT

**INTRODUCTION**

1. This is an action brought by Plaintiff Ms. Ramirez, on behalf of herself and on behalf of the general public to redress the Defendant's unfair and deceptive business practices and Defendant's violation of state and federal laws. Ms. Ramirez, who does not speak or read English, lives on a limited income from disability benefits. The defendant, Parker Stanbury LLP, is a full service law firm with over 100 attorneys and six offices throughout California and Arizona.

In June 2003, Ms. Ramirez received a letter from Defendant Parker Stanbury LLP, demanding payment for a debt allegedly owed to Wireless Paging Network, a company that Ms. Ramirez had no knowledge of. When Ms. Ramirez requested from Parker Stanbury LLP validation of the alleged debt, she received a second letter from the law firm demanding payment for an alleged debt owed to Wireless Paging Network, as well as copies of a receipt from a company named Procell Communications and a check Ms. Ramirez had made payable to Araceli Gutierrez. These communications from the defendant violate the Federal Fair Debt Collection Practices Act (FDCPA) in a number of ways. Plaintiff brings this action under California's Unfair Competition Law in order to ensure that Defendant's future debt collection activities conform to the FDCPA, and for other appropriate relief. The following paragraphs are alleged based on information and belief: 6, 17, and 19.

**JURISDICTION AND VENUE**

2. Defendants were and are authorized to do business and are doing business in California.

3. Jurisdiction is proper in this Court pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d) and the doctrine of pendent jurisdiction.

COMPLAINT

## PARTIES

4. Plaintiff Gloria Ramirez ("MS. RAMIREZ") is a natural person who resides in the city of Santa Clara, California, located in Santa Clara County, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Parker Stanbury LLP ("PARKER STANBURY") is a Limited Liability Partnership practicing law in the state of California.

6. PARKER STANBURY is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. MS. RAMIREZ is a fifty-three year old woman. Although MS. RAMIREZ used to work in home care services, her current sole source of support is a limited income derived from social security disability benefits. MS. RAMIREZ suffers from epilepsy due to a work-related head injury.

8. In March 2003, MS. RAMIREZ agreed to purchase a new furniture set from Recamaras, a furniture retailer located at the Berryessa Flea Market, on a two-month layaway plan.

9. On June 1, 2003, MS. RAMIREZ submitted her final payment for the furniture in the form of a check made payable to Araceli Gutierrez, who MS. RAMIREZ believed was the owner of Recamaras.

10. The furniture set was later delivered to MS. RAMIREZ's home. MS. RAMIREZ inspected the furniture and found that it was scratched, warped, scraped, and peeling.

11. MS. RAMIREZ contacted Recamaras and demanded a new furniture set. She was told that her used furniture set would be replaced. This never occurred.

COMPLAINT

12. MS. RAMIREZ requested her bank not to pay the check made payable to Araceli Gutierrez.

13. On June 20, 2003, MS. RAMIREZ received a letter ("First Dunning Letter") from Defendant PARKER STANBURY demanding payment for a debt owned to Antolin Villegas of Wireless Paging Network. A true and correct copy of this letter is attached as Exhibit A. The letter sought payment on the check referenced in the previous paragraph.

    a. The alleged obligation underlying the check claim is a "debt" as defined by 15 U.S.C. § 1692a(5).

    b. The First Dunning Letter did not inform MS. RAMIREZ that she had a right to be provided with the name and address of the original creditor.

    c. The First Dunning Letter did not inform MS. RAMIREZ that she had a right to receive verification of her debt in the mail.

    d. The First Dunning Letter indicated that unless MS. RAMIREZ disputed the validity of the debt "within thirty (30) days," the debt would be assumed valid.

    e. The First Dunning Letter indicated that MS. RAMIREZ would be liable for service charges and treble damages without clearly disclosing that MS. RAMIREZ would not be liable for such damages if a court determined that she had a good faith dispute.

    f. The First Dunning Letter failed to notify MS. RAMIREZ that she might wish to contact a lawyer to discuss her legal rights and responsibilities.

    g. The First Dunning Letter misrepresented the name of the payee of the check for which Defendant was seeking payment.

14. MS. RAMIREZ was upset and confused by this letter, particularly because the letter was from an attorney. Her resulting fear and anxiety caused her to lose sleep.

COMPLAINT

15. On July 10, 2003, MS. RAMIREZ mailed a letter to Defendant PARKER STANBURY disputing the debt and requesting validation of the alleged debt owed to Antolin Villegas of Wireless Paging Network. Specifically, MS. RAMIREZ requested a copy of any contract with such company, a specified bill, and any other documents pertaining to the alleged debt.

16. In August 2003, Defendant PARKER STANBURY mailed a second letter ("Second Dunning Letter") to MS. RAMIREZ demanding payment for a debt owned to Antolin Villegas of Wireless Paging Network. A true and correct copy of this letter is attached as Exhibit B.

a. The Second Dunning Letter indicated that MS. RAMIREZ would be liable for service charges and treble damages without clearly disclosing that MS. RAMIREZ would not be liable for such damages if a court determined that she had a good faith dispute.

b. The Second Dunning Letter failed to notify MS. RAMIREZ that she might wish to contact a lawyer to discuss her legal rights and responsibilities.

c. The Second Dunning Letter misrepresented the name of the payee of the check for which Defendant was seeking payment.

d. The Second Dunning Letter threatened legal action unless MS. RAMIREZ paid the debt allegedly owed to Wireless Paging Network.

17. At the time the second letter was sent, the defendant had no intention of filing suit against MS. RAMIREZ. Furthermore, at that time the defendant had no basis to believe that the payee of the check intended to file suit against MS. RAMIREZ.

18. Enclosed with the Second Dunning Letter demanding payment for a debt owed to Wireless Paging Network were copies of a receipt from Procell Communications and MS. RAMIREZ's check made payable to Araceli Gutierrez.

19. The contents of the Second Dunning Letter and its contradictory enclosures indicate that PARKER STANBURY failed to meaningfully review the matter prior to sending the letters and documentation to MS. RAMIREZ.

**FIRST CAUSE OF ACTION**
(Violation of California Business and Professions Code § 17200 et seq.)

20. Plaintiff realleges and incorporates herein by this reference each and every allegation set forth in all other paragraphs.

21. California's Unfair Competition Law (UCL) prohibits conduct that is unlawful or fraudulent or unfair.  Cal. Bus. & Prof. Code § 17203.

22. Plaintiff files this First Cause of Action acting as a private attorney general to enjoin Defendant's unlawful and fraudulent business practices pursuant to California Business and Professions Code § 17200.

23. The conduct of PARKER STANBURY is unlawful because it violates 15 U.S.C. § 1692 et seq. as described more completely in the Second Cause of Action.

24. The conduct of PARKER STANBURY is unlawful within the meaning of the UCL for the reasons described below:

    a.   To the extent that MS. RAMIREZ's request to her bank – as set forth in Paragraph 12, *supra* – constituted an "instruct[ion to] the drawee to stop payment on the check" within the meaning of California Civil Code § 1719(a)(6)(C), the First Dunning Letter failed to comply with § 1719(c) because the letter indicated that MS. RAMIREZ would be liable for service charges and treble damages without clearly disclosing that MS. RAMIREZ would not be liable for such damages if a court determined that she had a good faith dispute, because the letter failed to notify MS. RAMIREZ that she might wish to contact a lawyer to discuss her legal rights

COMPLAINT

and responsibilities, and because the letter misrepresented the name of the payee of the check for which Defendant was seeking payment.

   b. To the extent that MS. RAMIREZ's request to her bank – as set forth in Paragraph 12, *supra* – constituted an "instruct[ion to] the drawee to stop payment on the check" within the meaning of California Civil Code § 1719(a)(6)(C), the Second Dunning Letter failed to comply with § 1719(c) because it indicated that MS. RAMIREZ would be liable for service charges and treble damages without clearly disclosing that MS. RAMIREZ would not be liable for such damages if a court determined that she had a good faith dispute, because the letter failed to notify MS. RAMIREZ that she might wish to contact a lawyer to discuss her legal rights and responsibilities, and because the letter misrepresented the name of the payee of the check for which Defendant was seeking payment.

  25. Defendant's conduct as described herein is "fraudulent" within the meaning of the UCL because such acts and practices as herein alleged are likely to deceive members of the general public.

  26. Pursuant to the California Business and Professions Code § 17200, et seq., MS. RAMIREZ is entitled to injunctive relief on behalf of herself and on behalf of the members of the general public who are, have been, or may be subjected to these unfair and deceptive business practices.

### SECOND CAUSE OF ACTION
(Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)

  27. Plaintiff realleges and incorporates herein by this reference each and every allegation set forth in all other paragraphs.

  28. Defendant's violations of 15 U.S.C. § 1692 et seq. include but are not limited to those mentioned below.

COMPLAINT

29. Defendant violated 15 U.S.C. § 1692g(a)(2) and § 1692e(10) by misrepresenting the identity of the creditor in its initial communication with MS. RAMIREZ in connection with the collection of debt.

30. Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to disclose to MS. RAMIREZ her right to be provided with the name and address of the original creditor.

31. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to disclose to MS. RAMIREZ her right to receive verification of her debt in the mail.

32. Defendant violated § 1692g(a)(3) by sending MS. RAMIREZ a demand letter that did not contain a statement indicating that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

33. Because the First Dunning Letter indicated that payment must be received within thirty days after the letter was mailed rather than thirty days after the letter is received, Defendant violated 15 U.S.C. § 1692e and § 1692g by overshadowing and contradicting the disclosures required by 15 U.S.C. § 1692g.

34. To the extent that MS. RAMIREZ's request to her bank – as set forth in Paragraph 12, *supra* – constituted an "instruct[ion to] the drawee to stop payment on the check" within the meaning of California Civil Code § 1719(a)(6)(C), the First Dunning Letter's failure to comply with California Civil Code § 1719(c) violates 15 U.S.C. § 1692e and § 1692e(10) because the threat of treble damages followed by the failure to disclose a good faith dispute exception, the failure to advise MS. RAMIREZ that she might wish to contact a lawyer, and the failure to provide the name of the payee are misleading representations that are deceptive to the least sophisticated consumer.

COMPLAINT

35. To the extent that MS. RAMIREZ's request to her bank – as set forth in Paragraph 12, *supra* – constituted an "instruct[ion to] the drawee to stop payment on the check" within the meaning of California Civil Code § 1719(a)(6)(C), the Second Dunning Letter's failure to comply with California Civil Code § 1719(c) violates 15 U.S.C. § 1692e and § 1692e(10) because the threat of treble damages followed by the failure to clearly disclose good faith dispute information, the failure to advise MS. RAMIREZ that she might wish to contact a lawyer, and the failure to provide the name of the payee are misleading representations that are deceptive to the least sophisticated consumer.

36. To the extent that MS. RAMIREZ's request to her bank – as set forth in Paragraph 12, *supra* – constituted an "instruct[ion to] the drawee to stop payment on the check" within the meaning of California Civil Code § 1719(a)(6)(C), MS. RAMIREZ could not be liable for damages and costs unless, pursuant to California Civil Code § 1719(j)(1), the defendant satisfied all the requirements of § 1719.  Therefore, Defendant's threats of treble damages and costs while failing to comply with § 1719(c) violates 15 U.S.C. § 1692e, § 1692e(2)(a), and § 1692e(5) because such statements were misleading representations, false representations of the legal status of a debt, and threats to take action that could not legally be taken.

37. To the extent that MS. RAMIREZ's request to her bank – as set forth in Paragraph 12, *supra* – did <u>not</u> constitute an "instruct[ion to] the drawee to stop payment on the check" within the meaning of California Civil Code § 1719(a)(6)(C), Defendant's threat of treble damages was entirely improper because MS. RAMIREZ did not "pass a check on insufficient funds" within the meaning of California Civil Code § 1719(a).  Therefore, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1).

COMPLAINT

38. Defendant violated 15 U.S.C. § 1692e(5) by making threats to take legal action that it did not intend to take.

39. Defendant violated 15 U.S.C. §§ 1692e and 1692e(3) by failing to meaningfully review MS. RAMIREZ's file.

## PRAYER FOR RELIEF

40. WHEREFORE, Plaintiff respectfully prays that this court:

**With respect to the First Cause of Action (California Business and Professions Code)**

    a.   Enter Preliminary and Permanent Injunctions enjoining the Defendant PARKER STANBURY, and each of its agents, servants, employees, and all persons acting under, in concert with or for them from engaging in, committing or performing directly or indirectly, any unlawful or unfair business practices;

    b.   Issue an order, pursuant to California Business and Professions Code § 17203, requiring the Defendant to adopt practices and procedures to ensure future compliance with the requirements of the Federal State Fair Debt Collection Practices Acts, 15 U.S.C. § 1692 et seq., and to follow and maintain in effect such practices;

    c.   Issue an order, pursuant to California Business and Professions Code § 17203, requiring the Defendant to adopt practices and procedures to ensure future compliance with the requirements of California Civil Code § 1719, and to follow and maintain in effect such practices; and

    d.   Award Plaintiff attorney fees pursuant to California Code of Civil Procedure § 1021.5

    e.   Award such other and further relief as the court finds necessary and proper.

COMPLAINT

**With respect to the Second Cause of Action (Federal Fair Debt Collection Practices Act)**

  a. Award to the Plaintiff, pursuant to the Second Cause of Action, actual damages according to proof at the time of trial;

  b. Award to the Plaintiff, pursuant to the Second Cause of Action, statutory damages pursuant to 15 U.S.C. § 1692k;

  c. Award to the Plaintiff, pursuant to the Second Cause of Action, reasonable attorney fees and costs of suit pursuant to 15 U.S.C. § 1692k;

  d. Award the Plaintiff pre-judgment interest; and

  e. Award such other and further relief as the court finds necessary and proper.

Respectfully Submitted       EAST SAN JOSÉ COMMUNITY LAW CENTER

Dated April 8, 2004         /s/
                T. Lee Kissman
                Certified Law Student*

Dated April 8, 2004         /s/
                Scott Maurer
                Supervising Attorney*

* Pursuant to the State Bar Rules Governing the Practical Training of Law Students.

COMPLAINT