**HAL M. MARZELL ESQ. (STATE BAR NO. 101050)**
**PARKER • STANBURY LLP**
**444 South Flower Street, 19th Floor**
**Los Angeles, California  90017-3101**
**(213) 622-5124 / (213) 622-4858 FAX**

Attorneys for Defendant
PARKER STANBURY, LLP

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN JOSE DIVISION)

GLORIA RAMIREZ, individually and on behalf of the general public,

     Plaintiff,

     vs.

PARKER STANBURY LLP,

     Defendant.

CASE NO.: C04 01371 PVT

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

     Defendant PARKER STANBURY, LLP hereby answers the complaint on file herein for itself alone and for no other person, firm, corporation or other entity as follows:

### <u>GENERAL DENIAL</u>

     (1)    Under the provisions of <u>Federal Rules of Civil Procedure</u>, 86(b) this answering defendant denies, generally and specifically, each and every allegation of each and every paragraph based on their lack of knowledge, information or belief about the truth or accuracy of plaintiff's allegations <u>except</u> the following allegations, which are expressly admitted (where alleged and incorporated by reference):

///

///

---

(a)    Paragraph 1:  Defendant, PARKER STANBURY LLP is a lawfirm, with under 100 attorneys and five (5) offices in California.

(b)    Paragraph 2:  Defendant, PARKER STANBURY LLP was and is authorized to do business and is doing business in California.

(c)    Paragraph 5:  Defendant, PARKER STANBURY LLP is limited liability partnership practicing law in California.

(d)    Paragraph 13:  Defendant, PARKER STANBURY LLP sent Exhibit A to Plaintiff on or about June 20, 2003, relating to her check number 128 in the amount of $300.00, for merchandise (furniture) she had purchased and accepted delivery of.

(e)    Paragraph 16 and 18:  Defendant, PARKER STANBURY LLP sent Exhibit B to Plaintiff on or about August 7, 2003, with an invoice for the balance due on the furniture Plaintiff purchased, signed by Araceli Gutierrez and a copy of Plaintiff's check number 128 –written to Araceli Gutierrez.

Defendant specifically and particularly denies that plaintiff was or will be injured or damaged as alleged in the complaint or in any way, sum, manner or at all.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

(2)    The complaint fails to state facts sufficient to constitute a cause of action for civil penalties, damages, attorneys fees or injunctive relief against this answering defendant and omits facts which if stated would bar any purported right to recovery.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Capacity)

(3)    Defendant challenges the capacity of plaintiff to bring this action or to seek the relief prayed for.  Recovery is barred by statute and law.

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRD AFFIRMATIVE DEFENSE

### (Conditions Precedent)

(4)     Plaintiff cannot prove conditions precedent to presenting new claims. Recovery is barred by statute and law.

## FOURTH AFFIRMATIVE DEFENSE

### (Exemptions)

(5)     Defendant is exempt from the statutory schemes alleged by plaintiff. Recovery is barred by statute and law.

## FIFTH AFFIRMATIVE DEFENSE

### (Unintentional, Bona Fide Error)

(6)     Any alleged errors were bona fide unintentional mistake.  Recovery is barred by statute and law.

## SIXTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

(7)     If plaintiff was damaged, it was due to acts by individuals or entities other than this answering defendant, which were not authorized or ratified.  Recovery is barred.

## SEVENTH AFFIRMATIVE DEFENSE

### (Constitutional Protections)

(8)     This answering defendant's actions concerning the alleged facts of which plaintiff complains were protected by the Constitutions of California and the United States.  Recovery is barred.

///

---

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

3

1

## EIGHTH AFFIRMATIVE DEFENSE

2

(Full Performance)

3

(9)     This answering defendant has substantially complied with all requirements

4

and fully performed any and all obligations due or owing to plaintiff.  Recovery is barred.

5

6

7

## NINTH AFFIRMATIVE DEFENSE

(Conduct of Others)

8

9

(10)    If plaintiff was damaged, it was due to the fault or wrongdoing of

10

individuals or entities other than this answering defendant.  Any liability must be

11

apportioned.

12

13

14

## TENTH AFFIRMATIVE DEFENSE

15

(Comparative Negligence)

16

(11)    Plaintiff failed to exercise reasonable and ordinary care, caution or

17

prudence to avoid any alleged damages.  Recovery is barred or diminished.

18

19

20

## ELEVENTH AFFIRMATIVE DEFENSE

21

(Waiver)

22

(12)    Plaintiff has waived her right to seek relief.  Recovery is barred.

23

24

25

## TWELFTH AFFIRMATIVE DEFENSE

26

(Estoppel)

27

(13)    Plaintiff is estopped from asserting the claims alleged.  Recovery is barred.

28

---

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

4

### THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

(14)   Plaintiff has failed to mitigate any damages to which she may be entitled. Recovery is barred.

### PRAYER

WHEREFORE, this answering defendant prays that:

(1)   Plaintiff take nothing by her action;

(2)   Judgment be entered on behalf of the answering defendant;

(3)   Defendant be awarded any and all costs incurred; and

(4)   Defendant be awarded such other, further and different relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

This answering defendant hereby requests and demands a jury trial in the above-captioned action.

DATED:  May 7, 2004                    PARKER STANBURY LLP

                               BY   _____
                                    HAL M. MARZELL
                                    Attorney for Defendant
                                    PARKER STANBURY LLP

## PROOF OF SERVICE - 1013a, 2015.5 C.C.P

STATE OF CALIFORNIA        ]
                           ]SS.
COUNTY OF LOS ANGELES  ]

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Parker • Stanbury LLP, 611 West Sixth Street, Thirty-Third Floor, Los Angeles, California, 90017.

On May 7, 2004, I served the foregoing document described as **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**T. Lee Kissman (CLS #14115)**
**Scott Maurer (CSB #180830)**
**EAST SAN JOSE COMMUNITY LAW CENTER**
**1030 The Alameda**
**San Jose, CA  95126**

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 7, 2004, at Los Angeles, California.

_____
**LINNIE BURNAM**

---

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

6